# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 5, 2015

## STATE OF TENNESSEE v. ANTONIO WILLIAMS A.K.A. ANTWOIN WILLIAMS

### Appeal from the Criminal Court for Shelby County
### No. 92-04933    Lee V. Coffee, Judge

_____

### No. W2014-02108-CCA-R3-CD  -  Filed May 28, 2015

_____

Appellant, Antonio Williams a.k.a. Antwoin Williams, pleaded guilty to selling a controlled substance and received a suspended three-year sentence with eighteen months on probation.[1]  Appellant's probation officer issued a probation violation warrant before appellant had completed his eighteen months on probation.  While the warrant was pending, appellant received four additional charges and subsequently pleaded guilty to the violation of probation and the four additional charges, receiving concurrent sentencing.  Appellant later filed a Motion to Correct Illegal Sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, which the trial court summarily dismissed.  On appeal, appellant argues he stated a colorable claim in his motion because the trial court erroneously imposed concurrent sentencing and the trial court failed to make proper findings during sentencing.  Following our review of the parties' briefs, the record, and the applicable law, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ROGER A. PAGE, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Antonio Williams a.k.a. Antwoin Williams, Memphis, Tennessee, Pro Se.

---

[1] "We note that in contrast to the requirements to survive summary dismissal of a habeas corpus claim, Rule 36.1 requires a defendant to state a colorable claim in his motion but does not require that he attach supporting documents."  Tenn. R. Crim. P. 36.1; *State v. Brandon Rollen*, No. W2012-01513-CCA-R3-CD, slip op. at 6 (Tenn. Crim. App. Sept. 11, 2013); *see George William Brady v. State*, No. E2013-00792-CCA-R3-PC, 2013 WL 6729908, at *6 (Tenn. Crim. App. Dec. 19, 2013) ("Under the liberal terms of Rule 36.1, the petitioner's raising a colorable claim would entitle him to the appointment of counsel and a hearing on his claim, even without any documentation from the underlying record to support his claim.").  Accordingly, the record on appeal does not contain copies of the judgments in the underlying cases nor any sentencing transcripts.  For purposes of this opinion, we will assume that appellant has properly stated the procedural history of his cases.

Herbert H. Slatery III, Attorney General and Reporter; and Jonathan Wardle, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

Appellant filed a Motion to Correct Illegal Sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 on July 22, 2014. In the motion, appellant argued that his sentences were illegal because his concurrent sentencing was in direct contravention of Tennessee Code Annotated sections 40-35-115(b) and -310, which mandated consecutive sentencing in his case. The trial court summarily dismissed the motion on September 29, 2014. Appellant now argues that the trial court erred by summarily dismissing his motion without appointing counsel after he had presented a colorable claim for relief from illegal sentences. Specifically, he argues that his sentences were improperly aligned concurrently, rather than consecutively, and that the trial court failed to make the appropriate findings on the record during sentencing.

In 2013, the Tennessee General Assembly promulgated Rule 36.1, which provides, in part:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

> (c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

The legislature also amended Tennessee Rule of Appellate Procedure 3(b) to provide both the State and appellant with an appeal as of right from "an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure." Therefore, Rule 36.1 provided a new appeal as of right for individuals who had received an illegal sentence. Whether a sentence is illegal pursuant to Rule 36.1 is a question of law that we review de novo with no presumption of correctness. *State v.*

*Dusty Ross Binkley*, No. M2014-01173-CCA-R3-CD, 2015 WL 2148950, at \*2 (Tenn. Crim. App. May 7, 2015).

Pursuant to Rule 36.1, appellant would be entitled to a hearing and appointment of counsel if he stated a colorable claim for relief. Tenn. R. Crim. P. 36.1(b); *see Marcus Deangelo Lee v. State*, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at \*6 (Tenn. Crim. App. Mar. 7, 2014). Because Rule 36.1 does not define "colorable claim," we have adopted the definition of a colorable claim used in the context of post-conviction proceedings from Tennessee Supreme Court Rule 28 § 2(H): "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief . . . ." *State v. Omar Robinson*, No. E2014-00393-CCA-R3-CD, 2014 WL 5393240, at \*2 (Tenn. Crim. App. Oct. 22, 2014); *State v. David Morrow*, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at \*2 (Tenn. Crim. App. Aug. 13, 2014); *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at \*3 (Tenn. Crim. App. July 16, 2014).

Taking all of appellant's assertions as true and viewing them in the light most favorable to him, we have determined that appellant has failed to present a colorable claim for relief from an illegal sentence because appellant alleges that he committed the crimes of "possession of a weapon,"[2] resisting official detention, and two counts of unlawful possession of a controlled substance with the intent to sell while he was on probation for selling a controlled substance. However, Tennessee Code Annotated section 40-35-115(b) states, "The court *may* order sentences to run consecutively if the court finds by a preponderance of the evidence that . . . [t]he defendant is sentenced for an offense committed while on probation." (emphasis added). Tennessee Code Annotated section 40-35-310 states, in part:

> [I]n any case of revocation of suspension on account of conduct by the defendant that has resulted in a judgment of conviction against the defendant during the defendant's period of probation, the trial judge *may* order that the term of imprisonment imposed by the original judgment be served consecutively to any sentence that was imposed upon the conviction.

(emphasis added). Therefore, while the trial court had the discretion to order consecutive sentencing, it was not required to align the sentences consecutively. *See Frederick O. Edwards*, No. W2014-01463-CCA-R3-CO, 2014 WL 7432166, at \*2-3 (Tenn. Crim. App. Dec. 30, 2014) (explaining that consecutive sentencing is permissive, not mandatory, when a defendant commits a felony offense while on probation). Appellant's

---

[2] We understand that this conviction was for felon in possession of a weapon, *see* Tenn. Code Ann. § 39-17-1307, due to appellant's prior felony drug conviction, *see id*. § 39-17-417. However, the judgment for this conviction is not in the record.

sentence alignment does not contravene any applicable statute; accordingly, appellant's sentence is not illegal pursuant to Rule 36.1.

Regarding appellant's assertions that the trial court failed to make the appropriate findings on the record during sentencing, even if this was a viable claim under Rule 36.1, appellant failed to raise this argument in the trial court. Therefore, appellant has waived this argument on appeal. *See State v. Maddin*, 192 S.W.3d 558, 561 (Tenn. Crim. App. 2005) ("When an issue is raised for the first time on appeal, it is typically waived."). As such, he is not entitled to relief on this issue.

## CONCLUSION

Based on the parties' briefs, the record, and the applicable law, we affirm the trial court's judgment.

_____
ROGER A. PAGE, JUDGE